**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MEDICI888, INC.,

      Plaintiff,

v.                                                                      Action No. 2:12cv317

RILEYS LIMITED,
HAYLEYS PLC,
RAVI INDUSTRIES, LIMITED,
HAYLEYS FIBRE,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court following Medici888, Inc.'s ("Plaintiff's") failure to prosecute and failure to comply with a court order to retain new counsel and have counsel make an appearance in this case within fourteen days, which issued following a hearing on June 19, 2014. Order on Mot. to Withdraw as Counsel for Pl., ECF No. 31 ("Order on Mot. to Withdraw"). The undersigned RECOMMENDS that the Plaintiff's Complaint be DISMISSED with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with court orders.

## I. PROCEDURAL HISTORY

On May 2, 2014, Bruce H. Matson, and Christian K. Vogel of LeClairRyan (collectively, "Counsel"), filed a motion to withdraw as counsel. Mot. to Withdraw as Counsel for Pl., ECF No. 26 ("Mot. to Withdraw"). In support, Counsel indicated that, following the Court's denial of Plaintiff's motion for default judgment on October 3, 2013, Plaintiff "has refused to authorize Counsel . . . to either further prosecute the Complaint or dismiss the Complaint." Mem. in Supp. of Mot. to Withdraw as Counsel for Pl. 2, ECF No. 27 ("Mem. in Supp. of Mot. to Withdraw");

*see generally* Order on Mot. for Default J., ECF No. 25. On May 7, 2014, the undersigned ordered a hearing on the motion and also ordered that a corporate representative of Plaintiff attend. Order on Hr'g 1, ECF No. 28. Counsel was ordered to forward a copy of the order to Plaintiff. *Id.* at 1–2. On June 19, 2014, the hearing was held, in which Mr. Vogel appeared, but no corporate representative of Plaintiff appeared. Order on Mot. to Withdraw 1, ECF No. 31.

At the hearing, Mr. Vogel explained that he mailed the notice of hearing and a copy of the order to Plaintiff's corporate headquarters, but the documents were returned as undeliverable. *Id.* He also explained that copies were mailed to Mr. Greg Twitt, president of Medici888, Inc., at his home address and that those mailings had not been returned. *Id.* All subsequent attempts to communicate with Mr. Twitt, including phone calls and e-mails, failed, ultimately leading to Counsel's motion to withdraw. *Id.*; Mem. in Supp. of Mot. to Withdraw 2.

Following the hearing, on June 19, 2014, the undersigned issued an order granting the motion to withdraw, and ordering Plaintiff to "retain new counsel, and have counsel make an appearance in this case, within fourteen days of the date of [the] order." Order on Mot. to Withdraw 2. If Plaintiff failed to comply with the order, the undersigned warned that a recommendation would be made "that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders." *Id.* The undersigned directed copies of the order to be sent both to Plaintiff's headquarters and Mr. Twitt's home address. *Id.* Plaintiff had until July 3, 2014 to comply with the order, but failed to do so. The defendants named in the Complaint have filed no responses nor made any appearances in this case.

## II. DISCUSSION

### A. Standard of Review

The Court has authority to dismiss this action, with prejudice, upon its own motion, for Plaintiff's failure to prosecute and to comply with court orders. Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may, on its own motion, dismiss a claim under Rule 41. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). A dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

A dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). In light of the public policy in favor of deciding cases on their merits, a district court should generally consider four criteria when deciding whether to dismiss a case for failure to prosecute:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (internal quotations omitted). While consideration of these factors is generally a prerequisite to dismissal, the particular facts of an individual case may warrant dismissal even if the four criteria above are not satisfied. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating that the four factors are not a "rigid four-pronged test" and that "the propriety of a dismissal . . . depends on the particular circumstances of the case"). Additionally, Rule 41(b) allows a district court to dismiss a case with prejudice if the Plaintiff fails to comply with court orders. Fed. R. Civ. P. 41(b); *see also Ballard*, 882 F.2d at 95.

**B. Plaintiff's Failure to Prosecute Its Complaint**

The Court may dismiss Plaintiff's Complaint with prejudice based on Plaintiff's failure to prosecute. *See* Fed. R. Civ. P. 41(b). As previously discussed, district courts must generally consider four factors before issuing an order to dismiss with prejudice for failure to prosecute. *See Davis,* 588 F.2d at 70. The first factor to consider is "the degree of personal responsibility on the part of the plaintiff." *Id.* Here, it is entirely Plaintiff's own conduct that has resulted in the failure to prosecute. Counsel indicated that, after the Court denied Plaintiff's motion for default judgment, Plaintiff refused to authorize them to either further prosecute or dismiss the Complaint. Mem. in Supp. of Mot. to Withdraw 2. They also stated that Plaintiff ceased all communication with them. Order on Mot. to Withdraw 2. Accordingly, after authorizing counsel to withdraw, the Court ordered Plaintiff to retain new counsel and have counsel appear within fourteen days. *Id.* Plaintiff failed to do so. Thus, responsibility for the delay in prosecution rests entirely with Plaintiff.

The second factor to consider is "the amount of prejudice to the defendant caused by the delay." *Davis*, 588 F.2d at 70. The defendants have, thus far, failed to file any responses to Plaintiff's Complaint or make any appearances in this case. It is, therefore, unlikely that Plaintiff's failure to prosecute, by itself, has significantly prejudiced the defendants.

The third factor to consider is "the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion." *Id.* (internal quotation omitted). Counsel have stated that Mr. Twitt indicated that they were to neither prosecute, nor move to dismiss, the Complaint, following the October 3, 2013 order denying default judgment. Mem. in Supp. of Mot. to Withdraw 2. Since that order, Plaintiff has refused to permit counsel to further prosecute or dismiss the Complaint, ceased all communication with counsel and the Court, and ignored

court orders to appear and retain new counsel. This conduct unquestionably establishes a pattern of "deliberately proceeding in a dilatory fashion." *Davis*, 588 F.2d at 70. It is questionable whether Plaintiff's conduct can be regarded as "proceeding" at all. Thus, the third *Davis* factor is clearly satisfied.

The final factor to consider is "the effectiveness of sanctions less drastic than dismissal." *Id.* In its order dated June 19, 2014, the Court warned Plaintiff that a failure to comply would result in a recommendation for dismissal with prejudice. Order on Mot. to Withdraw 2. Despite this warning, Plaintiff failed to comply or offer any response at all. Given this lack of regard for the Court's warning, it is unlikely that any sanction "less drastic than dismissal" would be effective. Thus, the fourth factor is satisfied.

Given Plaintiff's full responsibility for its failure to prosecute, its repeated conduct of ignoring court orders and refusing to communicate with either its counsel or the Court, and its refusal to allow counsel to either prosecute or dismiss its Complaint, it is clear that the factors outlined in *Davis* tip in favor of dismissing the Complaint with prejudice for failure to prosecute.

## C. Plaintiff's Failure to Comply with Court Orders

Since Plaintiff has also failed to comply with court orders, the Court may dismiss the Complaint with prejudice. Either the defendant or the Court may move for dismissal under Rule 41(b) if "the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b).

A corporate representative for Plaintiff failed to appear at the June 19, 2014 hearing, despite an order to do so. *See* Order on Hr'g 1; *see also* Order on Mot. to Withdraw 1. Additionally, the Court ordered that Plaintiff "retain new counsel, and have counsel make an appearance in this case, within fourteen days of the date of this order." Order on Mot. to Withdraw 2. The Court also warned Plaintiff that a failure to comply would result in a

recommendation that "the Complaint be dismissed." *Id.* Plaintiff had until July 3, 2014 to comply. *See* Fed. R. Civ. P. 6(a)(1) (describing how to compute time specified in a court order). Plaintiff not only failed to retain counsel by the July 3, 2014 deadline, but still has not retained counsel or made an appearance as of the date of this report and recommendation.[1] Because Plaintiff has failed to comply with court orders mandating that it retain new counsel and make an appearance, the Court may dismiss its Complaint with prejudice. *See Ballard*, 882 F.2d at 95 ("[C]ourts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."); *see also Akil Rashidi Bey ex rel. Graves v. Virginia*, 546 F. App'x. 228, 229 (4th Cir. 2013) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss his case.").

**D. Plaintiff's Failure to Retain New Counsel**

In addition to Plaintiff's failure to prosecute and failure to comply with court orders, the Court may dismiss Plaintiff's Complaint because Plaintiff has failed to retain new counsel. Corporations must be represented by counsel in federal court. *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202 (1993); *In re Tamojira, Inc.*, 20 F. App'x. 133, 133–34 (4th Cir. 2001).  If a corporation fails to retain licensed counsel, then the Court may dismiss the action. *See Tamojira*, 20 F. App'x. at 134 (granting plaintiff's motion to dismiss where defendant corporation failed to retain licensed counsel); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d. Cir. 1983) (affirming a trial court's conditional order to dismiss a case unless the plaintiff corporation retained licensed counsel within 45 days of the order). Here, Counsel for Plaintiff has withdrawn from representation and Plaintiff has failed to demonstrate that it has retained new

---

[1] In fact, Plaintiff has made no communication with the Court at all since its motion for default judgment was denied on October 3, 2013.

counsel within the time period mandated by the Court. The Court may, therefore, dismiss the Complaint based on Plaintiff's failure to be represented by counsel.

## III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Plaintiff's Complaint be DISMISSED with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with a court order.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
Tommy E. Miller
United States Magistrate Judge


Norfolk, Virginia
July 29, 2014